Submitted on record and briefs September 5,
attorney reprimanded December 31, 1969

IN RE COMPLAINT AS TO THE CONDUCT OF
RAYMOND L. JONES, ACCUSED.

462 P. 2d 680

Raymond L. Jones, Portland, in propria persona.

Bertrand J. Close, Portland, and A. Richard Grant, Eugene, for Oregon State Bar.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN,* DENECKE and HOLMAN, Justices.

---

* Goodwin, J., resigned December 19, 1969.

PER CURIAM.

The accused is charged with unethical conduct for preparing a will which left the entire estate of the testatrix of the will to the accused without advising his client to seek independent advice. Mr. Jones does not deny his participation in the preparation and execution of the will. He states that he committed a "technical" violation without any avaricious intent. He attributes his failure to temporary distraction caused by too much work and to error in judgment.

■ Any lawyer should know, without being told, that when a client wants to make a testamentary provision for the benefit of the lawyer, that lawyer should withdraw from any participation in the preparation or execution of the will. Poor judgment does not excuse such an inflexible ethical rule.

The trial committee and a majority of the Board of Governors recommend that the accused be issued a reprimand. We concur.

■ This case is readily distinguishable from *In re Floyd D. Moore*, 1959, 218 Or 403, 345 P2d 411, and *In re Millen F. Kneeland*, 1963, 233 Or 241, 377 P2d 861, in both of which a suspension for one year was ordered. In both *Moore* and *Kneeland* the lawyers were found guilty of improperly using their confidential relationship to acquire the property of their elderly clients by gift and testament. In this case Jones was not charged with persuading his client to leave her property to him and the proof did not establish such misconduct. He was charged and found guilty only of failure to insist that his client obtain independent legal advice.

This opinion will stand as a reprimand.